# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—MAY TERM, 1899.

### Martin Schoonmaker v. Rebecca Gilmore.

1. BANKS AND BANKING—*Liability When the Drawer of a Check Has No Funds.*—A bank is not liable to the drawee of a check drawn upon it when the drawer has no funds on deposit to meet it, merely because it had many times allowed the drawer to overdraw his account and had constantly paid checks given by him for stock purchased, in the absence of an agreement that such a course should be continued without change.

**Assumpsit,** upon a check. Trial in the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Reversed. Opinion filed July 20, 1899.

JACKSON & HURST, attorneys for appellant.

A verbal promise to pay or to accept a non-existing check is not available to the holder thereof when it does not appear that he took the check on the faith of the promise to pay. Morse on Banks and Banking, Vol. 1, Sec. 407; Coolidge v. Payson, 2 Wheaton, 66; First Nat. Bank Chicago v. Pettit, 41 Ill. 492; Nelson v. First Nat. Bank, 48 Ill. 36; Ont. Bank v. Worthington, 12 Wend. 593; Goodrich v. Gordon, 15 Johns. (N. Y.) 6; McEvers v. Mason, 10 Johns. (N. Y.) 207; U. Co. Bank v. McFarlan, 5 Hill (N. Y.) 432; Wilson v. Clements, 3 Mass. 1; Banorgee v. Hovey, 5 Mass. 11; Storer v. Logan, 9 Mass. 55; Murdock v. Mills, 11 Metcalf (Mass.), 5; Exchange Bank v. Rice, 98 Mass. 288;

Cent. Sav. Bank v. Richards, 109 Mass. 413; Bissell v. Lewis, 4 Mich. 450.

J. T. KENWORTHY, attorney for appellee.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

Appellant was a banker doing business at Reynolds, Illinois, under the name and style of " The Reynolds Bank."

Wait & Fitzpatrick were co-partners engaged in the business of buying cattle and hogs, and on December 27, 1895, gave to appellee their check on the Reynolds bank for $168.95 in payment for certain hogs purchased from her. She presented the check to appellant's bank for payment, which was refused because Wait & Fitzpatrick had no funds in the bank out of which the check could be paid. Appellee brought this suit against appellant to recover the amount of the check, and on a trial by jury recovered a verdict for $183.59, for which amount the court rendered judgment after overruling a motion for new trial, and the defendant appealed to this court.

The evidence in this case presents the question as to whether one doing a banking business is liable to the drawee of a check drawn upon the bank, when the drawers have no funds on deposit to meet it. There is no doubt that when the bank has in its hands funds of the drawer, a check of the latter drawn thereon is an assignment of so much of the funds as the check calls for, and upon refusal to pay, the drawee may maintain an action thereon in his own name against the bank or banker holding the fund. But it has never been held that one having no funds on deposit may nevertheless draw his check upon the bank and make it liable for the payment thereof, no other facts appearing to render it responsible. Possibly there might be special circumstances under which the bank or banker might be liable, even when there were no funds on deposit, and counsel for appellee insists that this is such a case, and that the course of dealing between Wait & Fitzpatrick and

appellant was such as to render the latter liable to pay the checks of the former given to pay for stock purchased, whether they had any funds on deposit or not. It is true that appellant had many times allowed Wait & Fitzpatrick to overdraw their account, and had constantly paid their checks given for stock purchased, and it is shown by the evidence that such stock was shipped to Chicago and the proceeds passed to the credit of appellant at the Live Stock National Bank in Chicago, and on notice to appellant of the amount of such proceeds he gave credit on his books to Wait & Fitzpatrick. But while this had been the course of dealing of the parties, there is no evidence there was any agreement that such course should be continued or followed without change, and we see no reason why appellant could not decline to pay Wait & Fitzpatrick's checks whenever he deemed it to his interest to do so if they had no funds on deposit. There is no evidence whatever that appellee had any knowledge as to the former course of dealing between Wait & Fitzpatrick and appellant, nor that she was in any way misled thereby. So far as appears from the evidence she sold the hogs to Wait & Fitzpatrick on their own credit and in no way relied upon the credit or responsibility of appellant. Under these circumstances we can not see that there was any liability on the part of appellant to pay the check in controversy. On the trial of the cause the court appears to have adopted the theory of counsel for appellee, and instructed the jury accordingly, and therein we think error was committed. The judgment must be reversed, but as we hold there can be no recovery upon the facts, the cause will not be remanded.